# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

NO. 5:08-CR-00087-FL-1
NO. 5:11-CV-00439-FL

| | | |
|---|---|---|
| BRIAN LEE FOSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This cause comes before the Court upon pro se petitioner Brian Lee Foster's motion to amend (DE-168) his petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE-66). In his motion to amend, Foster does not seek to add additional claims or arguments to his 2255 petition. Rather, Foster requests the Court review his existing claims in light of the United States Supreme Court's recent decisions in <u>Missouri v. Frye</u>, 566 U.S. __ (2012) and <u>Lafler v. Cooper</u>, 566 U.S. __ (2012), as well as an unpublished decision recently issued by the United States Court of Appeals for the Fourth Circuit, <u>United States v. Bannister</u>, No. 11-6658, 2012 U.S. App. LEXIS 3779 (4th Cir. Feb. 23, 2012). This Court is well aware of these decisions and to the extent they apply to Foster's claims, the Court will be guided by them. As such, amendment of Foster's 2255 petition is unnecessary and his motion to amend is denied as moot.

The undersigned also takes this opportunity to note that the government has filed two affidavits in support of its motion to dismiss. (DE-165, DE-166). Foster has also filed

1

documents in support of his pleadings. (DE-167).

Consideration of affidavits or other materials submitted by a party on a motion to dismiss a § 2255 petition ordinarily converts the court's ruling into one on summary judgment. *See* United States v. Nicholson, 475 F.3d 241, 248 (4th Cir. 2007). In Nicholson, the Fourth Circuit reversed the district court's judgment for the government in a § 2255 case because there were disputed issues of fact, the district court failed to conduct an evidentiary hearing, and the district court considered additional materials submitted by the parties in consideration of a motion to dismiss. *Id.* at 248, 252.

> Because the district court denied relief without a hearing, it was not able to make findings of fact on disputed factual issues. Although the court did not characterize its disposition of this matter as either a dismissal or an award of summary judgment (but simply as a denial of § 2255 relief), it did weigh and consider the affidavits and other materials submitted by the parties. Thus, its ruling was in the nature of a summary judgment award to the Government.

*Id.* at 248.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), the undersigned hereby provides notice to Foster that the government's motion to dismiss will be considered a motion for summary judgment, and that Foster should consult Rule 56 of the Federal Rules of Civil Procedure to be guided in responding to the government's motion.

Rule 56(a) provides that the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c) provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(l)(A). Alternatively, a party asserting that a fact cannot be or is genuinely disputed must support the assertion by

showing that the materials cited do not establish the absence or presence or a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(l)(B). An affidavit or declaration used to support or oppose a summary judgment motion must be made on personal knowledge, set out in facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). Affidavits or declarations submitted in bad faith or solely for delay may result in the payment of reasonable expense by the offending party. An offending party may also be held in contempt or subject to other appropriate sanctions. Fed. R. Civ. P. 56(h). If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue other appropriate orders. Fed. R. Civ. P. 56(d). A knowing assertion of a falsehood in order to escape summary judgment, if proven, constitutes perjury punishable by law. All facts, affidavits, or declarations to be considered by the court must be sworn before a notary or contain the following statement: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." If a party fails to properly support or address an assertion of fact, the court may give opportunity for that party to properly support or address the fact, consider the fact undisputed for purposes of the motion, or grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the movant is entitled to summary judgment. Fed. R. Civ. P. 56(e).

Notice herein having been given that petitioner Foster is confronted with the possibility of summary disposition of his case, and where the undersigned has alerted him to his responsibility with reference to Rule 56 of the Federal Rules of Civil Procedure, in accordance with Local Civil

3

Rule 7.1(e)(l), EDNC, petitioner may file a response to the government's motion within twenty-one (21) days from the entry of this order. Thereafter, the Court may grant summary judgment for a nonmovant, grant the motion on grounds not raised by the moving party, or consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. Fed. R. Civ. P. 56(f).

For the reasons stated above, the motion to amend (DE-168) is DENIED AS MOOT. Petitioner Foster has twenty-one (21) days from entry of this order to file a response to the government's motion for summary judgment.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, April 12, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE